### B. M. Hammond et al. v. E. A. Atlee et al.

#### Delivered January 27, 1897.

1. **Judgment—Direct Attack—Grounds Authorizing.**

One against whom a final judgment has been rendered may by a direct proceeding for that purpose have the case reopened, upon averments that he was prevented from making a valid defense by fraud, accident, or the act of the adverse party, unmixed with negligence on his part.

2. **Receiver's Attorney Fees—Illegal Contract—Rights of Judgment Debtor.**

An agreement between a receiver whose compensation is fixed by the court, and his attorney, whereby the latter is to get only half of the attorney's fees stipulated for in the obligations on which he may bring suit for the receiver, inures to the benefit of the judgment debtors, and, if known to them, is available as a defense pro tanto, and, if unknown to them, may be made the basis of a direct proceeding to set aside a judgment including the full amount of such fees.

3. **Judgment—Direct Attack—What is—Receivership Proceedings.**

An intervention by a debtor in a judgment in favor of a receiver, in an application by the attorney of the receiver to have the attorney's fees fixed and allowed, whereby such debtor seeks to reduce the judgment by one-half of the attorney's fees included therein, which the attorney had agreed to allow the receiver to retain,—is a direct proceeding within the rule that a judgment may be assailed in a direct proceeding for fraud or accident preventing the party from availing himself of a valid defense, where the court is the same which rendered the judgment, and has jurisdiction of all the parties interested, and control of the funds.

4. **Attorney's Compensation in Receivership—Determination Without Evidence.**

The court cannot determine what is reasonable compensation for the services of the attorney of a receiver, in the absence of evidence on that subject, although it is familiar with what has actually been done by him.

Appeal from Webb. Tried below before Hon. A. L. McLane.

*J. O. Nicholson*, for appellants.—Appellee Atlee's contract with reciever Tarver required payment of only five per cent of the ten per cent provided for in the notes, and therefore inured to the benefit of these appellants on their respective notes, and such contract limited the amount of attorney's fees to which Atlee was entitled. Luzenburg v. Building Ass'n, 29 S. W. Rep., 239; McIlroy v. Russell, 24 S. W. Rep., 3.

*E. A. Atlee*, in propria persona.—1. The contention of appellants is, in effect, a collateral attack on a judgment against them for $37,473.20,

which cannot be questioned except in a direct proceeding instituted for that purpose; the proceeds of such judgment, when collected, constitute a trust fund to be distributed under direction of the court, and it was not error to refuse the relief prayed for by appellants. Mikeska v. Blum, 63 Texas, 44; Capt v. Stubbs, 68 Texas, 222. "The parties to an action cannot impeach or set at naught the judgment, in any collateral proceeding, on the ground that it was obtained through fraud or collusion." Freeman on Judgments, sec. 334.

2. "As a general proposition, it may be said that a receiver may retain counsel without leave of the court, and that the assets in his hands are liable for their fees, which first, however, must be allowed by the court." Beach on Rec., sec. 751. "It is, however, a general rule that in the event of such an appeal, the appellate court will attach the greatest weight to the judgment of the lower court, upon the theory that the facts were more fully presented to the inferior tribunal." Beach on Rec., sec. 774. That the receiver had power to employ counsel, but did not have power to employ and pay himself as counsel for himself. Barrett v. Bank, 78 Texas, 222; Beach on Receivers, secs. 261, 770.

3. One not having an interest in the subject matter of the controversy and not injured by the judgments cannot be heard to complain. Ferris v. Streeper, 59 Texas, 312; Streeper v. Ferris, 64 Texas, 12; Railway v. Martin, 66 N. W. Rep., 15.

JAMES, CHIEF JUSTICE.—In the case of W. Showalter against the Laredo Improvement Company, pending in the District Court of Webb County, a receiver—E. R. Tarver, a practicing attorney at law—was appointed and acting, whose compensation has at all times been $100 per month, as fixed by the court appointing him. A part of the receiver's duties was to institute a number of suits to enforce payment of obligations due the estate which he represented, and in pursuance of this he engaged the services of E. A. Atlee, also an attorney, who brought and prosecuted to judgment a number of such suits, of which only two or three were contested cases.

The arrangement made by Tarver with Atlee in relation to his services was as follows: The former proposed that they, as attorneys, bring the suits; he, the receiver, to get one-half of the 10 per cent attorney's fees stipulated in the obligations. Atlee stated that such arrangement, if it could be made, was agreeable to him, Tarver replying that other attorneys were willing to take the cases on such terms.

Atlee, although doubtful of the propriety of such arrangement, accepted the terms, brought the suits, signing the pleadings, "E. R. Tarver, Receiver of the Laredo Improvement Co., by E. A. Atlee and E. R. Tarver, his Attys." Atlee rendered all the services in connection with the suits. On April 25, 1896, Mr. Atlee made application to the said District Court in said receivership cause, stating substantially the foregoing facts, setting forth the causes in which he had obtained judgment, and asked the court to fix his compensation on the basis of said agree-

ment with the receiver, stating that he personally was willing to carry into effect the agreement, if allowable; otherwise he prayed that compensation be allowed him on the basis of services rendered. There was no evidence taken as to what was reasonable compensation.

The court entered an order allowing him 10 per cent of all moneys actually collected, and, in cases where the obligations called for 10 per cent attorney's fees, adjudged that he should have one-eleventh of the collections, which was an allowance to him of the stipulated 10 per cent attorney's fee. This order is appealed from in its effect on one case only,—that of Hammond v. Tarver, 31 S. W. Rep., 841, which had been contested, appealed, and affirmed, in which the judgment was against the Laredo Electric & Railway Company for over $20,000, and against Hammond for something over $17,000, the precise amount being immaterial in this inquiry.

Most of this judgment was paid at the time the application was passed on, and the rest about to be paid; the money collected being still in the receiver's possession. Upon the filing of the application, the receiver entered an appearance. Hammond and the Laredo Electric & Railway Company intervened; also Thomas W. Dodd and the Sprague Electric Motor Company. The parties who appeal are Hammond and the Laredo Electric & Railway Company. Tarver has appealed, but has filed no briefs, and we deem his assignments abandoned.

The fact was established that neither Hammond nor the Laredo Electric & Railway Company had any knowledge of the existence of the agreement or understanding between Atlee and the receiver relative to the attorney's fees, until after the adjudication on appeal of the case of Hammond v. Tarver.

The substance of the petition of intervention is as follows: That the judgment rendered against interveners in Hammond v. Tarver aggregated $37,473.20, which included the 10 per cent attorney's fee provided in the notes; that part of the judgment had been paid, but that the money paid was still in the receiver's hands; that the alleged contract between the receiver and Atlee fixed the amount of the compensation to which the latter was entitled at one-half of the 10 per cent; that Mr. Tarver was then, and at all times had been, receiving a fixed allowance of $100 per month for his services, and under these circumstances was not entitled to receive any part of the judgment which represented the attorney's fee; that at the time of the payment of the money to the receiver, neither of interveners, defendants in the judgment, knew of the alleged contract between Tarver and Atlee,—and prayed for an order that the portion of said fee which had been so adjduged against them, and which, by the arrangement between the receiver and Atlee was to go to the receiver, be refunded to them.

Appellee moves the court to dismiss the appeal. Only one of the grounds need be noticed, after what has already been said. The proposition is that appellants have no interest in the matter passed on, and cannot prosecute an appeal, there being no judgmer; against them. It

is clear to our minds that, if appellants were entitled to be heard at all in this proceeding in their effort to have the judgment in Hammond v. Tarver reopened for the purpose of obtaining relief from the attorney's fees adjudged against them in Hammond v. Tarver, their appeal should not be dismissed, because, their prayer having been denied, the judgment was against them. A party against whom there is a final judgment may, by a direct proceeding for that purpose, have the case reopened upon averments that he was prevented from making a valid defense in such cause by fraud, accident, or the act of the opposite party, unmixed with negligence on his part. Burnley v. Rice, 21 Texas, 171; Plummer v. Power, 29 Texas, 7; Nichols v. Dibrell, 61 Texas, 539.

Appellee contends, among other things, that this was not a direct proceeding. We are of opinion, in this connection, that if it was contemplated and understood between the receiver and Atlee that the latter was to get only one-half of the 10 per cent for his services, the receiver having no right, as we think, to other compensation than that allowed him by the court, the arrangement was one that inured to the benefit of the debtors, and, if known to them, it would have been available to them as a defense pro tanto. Luzenburg v. Association, 29 S. W. Rep., 237, and cases cited. The evidence given in the present proceeding would, if it had been adduced on the trial of Hammond v. Tarver, have limited plaintiff's recovery in that case to 5 per cent as fees.

Was the intervention a direct proceeding? It seems to us to possess all the essentials of such a suit. The court was the same which rendered the judgment in Hammond v. Tarver, and the parties to that suit were parties in this proceeding. The court had control of the judgment and of the moneys paid or to be paid in under it, and of the receiver, the plaintiff in the judgment. It would certainly have been a direct proceeding, had interveners, as plaintiffs, brought an independent suit in that court against the receiver and Atlee, having for its purpose the relief sought by this intervention. We can see no difference whatever in character or effect between such a suit and the one in question.

Atlee, desiring to have the question of his compensation settled and the amount paid, applied to the court controlling the receiver and the collections for an adjudication of the subject, his application involving the distribution to him of the entire 10 per cent attorney's fee, which the court actually awarded him. If appellants claimed to be entitled to a credit or repayment, as against the receiver and Atlee, of one-half of the attorney's fee, as they contend, it was proper for them to intervene in that motion, and, with the proper parties before the court, have this controversy determined. The interveners were practically plaintiffs; and, as stated before, we can see no substantial difference between this proceeding and one independently brought, so far as its character of a direct suit is concerned. Certainly, the judgment rendered would be res judicata as to appellants, and a bar to any other proceeding in respect to the same matter.

The next question is, whether or not the judgment was correct on the

pleadings and testimony. It is observed that Atlee prays that his compensation be fixed on the basis of the agreement made with the receiver, if it could be done, expressing his willingness to so take; otherwise he prays for reasonable allowance. There being no conclusions filed by the judge, we infer that the ground upon which his judgment was based was that, the agreement between Tarver and Atlee being void, it should be discarded altogether, and the allowance made on the basis of what was reasonable.

We think there was error in the result, because—First, there was no evidence as to what was reasonable compensation, and this the court could not judicially know, although it may have been familiar with what had actually been done in the litigations; and, second, in the absence of testimony concerning reasonable compensation, the judgment should have fixed Atlee's fee at 5 per cent, he having accepted and performed the service with the understanding that he would receive that sum, and he, in his prayer, declaring that he was content with 5 per cent.

The question now is, were appellants entitled to the abatement of 5 per cent of the attorney's fee? The terms on which Atlee rendered his services were private, existing only in the knowledge of the plaintiff Tarver and himself, and through their silence or suppression of the matter defendants were deprived of their opportunity to defend against one-half of the stipulated attorney's fee. Therefore, they being themselves within the rule indicated in the cases above cited, this proceeding being a direct one in its nature, and the court having the power to extend the relief sought, we conclude that it should have been granted.

To this extent they are entitled to a reformation of the judgment allowing Atlee, in reference to the Tarver-Hammond judgment, 5 per cent of the sum collected thereon, and to provide that $\frac{1}{22}$ part of the judgment paid by the Laredo Electric & Railway Company be restored to them by the receiver, and that B. M. Hammond be allowed a like credit on the judgment against him, to be deducted from the unpaid balance of the judgment against him, and, if this balance has been paid, that $\frac{1}{22}$ part of the money paid be restored to him by the receiver.

*Reformed and rendered.*

ON REHEARING.

The motion shows no valid reason why the judgment of this court should not stand. The principle upon which the case is decided is the familiar one, that one occupying a fiduciary relation to an estate will not be permitted to derive profit out of the subject of the trust. If he so manages the estate in his hands that a profit ensues, it is not his, but inures to the benefit of the estate.

It was not improper for the receiver to arrange with an attorney for his services at a less rate than that stipulated in the notes. The vice in the

arrangement was not that the receiver agreed to allow Mr. Atlee five of the ten per cent, but that he undertook to reserve the other five per cent to himself.   Suppose he had agreed to give the attorney five per cent and provided that the other five per cent should go to the estate, it would not have been contended that such an arrangement was objectionable, and, in our opinion, this is precisely the effect that the law attaches to what was done.   The entire ten per cent attorney's fee went into the judgment and has in large part come into the receiver's hands and the remainder is subject to be collected by execution, if not already collected.

We think that when a receiver, acting under a fixed provision as to compensation, secures a profit in his management of the estate,—in this case five per cent of the attorney's fee,—he will not be allowed to retain it as his own, but will be declared to hold it in trust for the estate.   The arrangement should not be condemned as void, so as to prevent the operation of the rule subjecting the fund to the uses of the estate.

Atlee cannot object to this disposition of the five per cent.   He undertook the business expecting and agreeing to receive therefor one-half of the ten per cent.   The receiver could have allowed him all of it, and therefore could properly allow him one-half of it.   We do not understand why he should be permitted, because of the rule above stated, which affects only the part reserved to the receiver for himself, to enhance his claim for compensation.   He was not entitled to the entire ten per cent.   He consents in his application to take on the basis of his agreement (which would be five per cent), if admissible, and there is no reason that we can see why this would not be proper.

The motion is overruled.

*Rehearing denied.*

Writ of error refused.

March 10, 1897.