ESTATE OF WILLIAM DUNOVANT, DECEASED, v. R. E. STAFFORD & CO.

Decided May 5, 1904.

**1.—Note—Attorney Fees—Estoppel—Cases Distinguished.**

Where the maker of a note stipulates for 10 per cent attorney fees in case the services of an attorney are required in collection, he is estopped from saying that such sum is unreasonable, in the absence of a showing of fraud or mistake in making the note or that the holder of the note actually secured the services of an attorney for less than the agreed 10 per cent. Luzenburg v. B. & L. Assn., 9 Texas Civ. App., 261; Hammond v. Atlee, 15 Texas Civ. App., 267, distinguished.

**2.—Jurisdiction—County Court—Administrators—Lien—Mandamus.**

The county court in which the administration of an estate is pending has exclusive jurisdiction of such estate and no other court has authority to enjoin the administrators from using work stock upon which a lien is held or to issue writ of mandamus to compel the sale of such stock in satisfaction of the lien.

Appeal from the District Court of Colorado. Tried below before Hon. M. Kennon.

*McCormick & Brown* and *Adkins & Green,* for appellant.

*Foard, Thompson & Townsend* and *Baker, Botts, Baker & Lovett* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellee, Sarah E. Stafford, a feme sole, doing business under the name of R. E. Stafford & Co., brought this suit against J. A. Robertson and H. R. Byars, joint administrators of the estate of William Dunovant, deceased, to establish a claim against said estate based upon four promissory notes executed by said Dunovant in favor of appellee. These notes are secured by a mortgage upon real and personal property which is fully described in the petition. Each of the notes contains a stipulation for the payment of 10 per cent attorney's fees if placed in the hands of an attorney for collection after maturity. The petition alleges that after default had been made in the payment of said notes they, together with said mortgage, were placed in the hands of appellee's attorneys for collection under a contract and agreement between appellee and her said attorneys by which they were to receive as compensation for their services in enforcing the collection of said notes the 10 per cent therein stipulated and agreed to be paid for such services. That acting under their said contract her attorneys prepared and presented to said administrators a properly prepared and verified claim against said estate for the amount of the principal and interest and attorney's fees due upon said notes and also for the enforcement of said mortgage. That said claim was presented to the administrators on April 2, 1903, and on April 22, 1903, said administrators by proper indorsements thereon allowed the claim to the extent of the principal and interest due on the notes, and recognized the lien created by said mortgage, but refused to allow the 10 per cent attorney's fees as stipulated in the notes, and

36 Civ.—3

in lieu thereof allowed the sum of $750. Appellee refused to accept the allowance as made by said administrators and instituted this suit to recover the full amount of the attorney's fees agreed to be paid in said notes. The petition further alleges that the estate is insolvent and that the value of the property included in said mortgage is not sufficient to pay plaintiff's claim. That the personal property included in the mortgage consists of 300 head of mules, 100 head of horses and about 200 head of stock cattle. That the administrators have refused to apply for a sale of said property and using said mules and horses in the cultivation of a crop upon the farm belonging to said estate, and that by reason of the hard work to which said animals are being subjected they are rapidly deteriorating and depreciating in value and will soon become worthless. It is further alleged that said stock cattle are wholly uncared for by the administrators and have become scattered, and many of them lost. The prayer of the petition is for recovery of the full amount of the principal, interest and attorney's fees due upon said notes and a foreclosure of the mortgage upon the property therein described, for an injunction restraining the administrators from further working or using said horses and mules, and for a mandamus requiring them to forthwith apply to the County Court of Colorado County for an order authorizing them to sell all of the personal property described in said mortgage, and to sell said property as soon as practicable after obtaining such order.

The defendants answered by general demurrer and by special exceptions and a plea to the jurisdiction of the court as to that portion of plaintiff's petition seeking relief by injunction and mandamus, and further specially pleaded that the contract for attorney's fees contained in said notes were contracts for indemnity, and intended to hold plaintiffs harmless against all reasonable costs incurred in the collection of said notes; that plaintiffs had not contracted with their attorneys to pay them the whole amount stipulated in said notes as attorney's fees, and that if they had that such contract was unreasonable and out of proportion to the services to be rendered, and that plaintiffs had not acted reasonably in making said contract.

The plaintiff filed special exceptions to the defendant's answer. These exceptions were sustained by the court to that portion of the answer which set up as a defense the unreasonableness of the attorney's fees claimed by plaintiff. The court also sustained defendant's plea to the jurisdiction and exceptions addressed to the right of the plaintiff to said writs of injunction and mandamus.

The matters being submitted to the court without a jury, judgment was rendered for the plaintiff for her debt, interest, costs of suit, stipulated attorney's fees, and the establishment of her lien, from which judgment the defendants have prosecuted this appeal.

Upon the trial of the cause the defendants offered to prove that the $750 allowed by them as attorney's fees was a reasonable compensation for the services necessary to be performed by plaintiff's attorneys in

the collection of said notes, but the court declined to hear such proof. The amount of the principal and interest due upon the notes at the time of the trial aggregated the sum of $26,212.07, for which amount, with 10 per cent thereon as attorney's fees, judgment was rendered in favor of plaintiff.

The evidence shows that under the contract made by plaintiff with her attorneys they were to receive as compensation for their services the full amount of the attorney's fees stipulated to be paid in said notes. No issue is raised by appellants as to the sufficiency of the evidence to sustain the allegations of the petition; the only question presented by them being whether the trial court erred in sustaining plaintiff's exceptions to defendants' plea that, the contract for attorney's fees being a contract for indemnity, plaintiff was only entitled to recover on said contract an amount sufficient to reasonably compensate their attorneys for the services necessary to be rendered by them in the collection of said notes.

The exact question here presented has not, so far as we have been able to ascertain, been decided by our Supreme Court, but we are of opinion that the ruling of the trial court should be sustained. In the cases of Simmons v. Terrell, 75 Texas, 275, and Morill v. Hoyt, 83 Texas, 59, it was held that the payee of a note which provided for the payment of 10 per cent attorney's fees in event "suit" became necessary for the collection of the note was entitled to recover the attorney's fees against the administrators of the estate of the maker of the note, the services of an attorney being necessary in the prosecution of the claim against the estate. In neither of these cases, however, was any question raised as to the reasonableness of the amount claimed as attorney's fees, the only issue being whether the presentation of the claim to the administrator and its prosecution in the probate court was a "suit" in the sense in which that word was used in the note. The case of Huddleston v. Kempner, 1 Texas Civ. App., 211, 21 S. W. Rep., 946, goes no further than the cases above cited.

In the cases of Luzenburg v. B. and L. Association, 9 Texas Civ. App., 261, 29 S. W. Rep., 237, and Hammond v. Atlee, 15 Texas Civ. App., 267, 39 S. W. Rep., 600, the Court of Appeals for the Fourth District held that the stipulation in a note for the payment of attorney's fees in event default was made in the payment of the note and it was placed in the hands of an attorney for collection was a contract of indemnity, and that the holder of the note would not be entitled to recover the full amount of the attorney's fees stipulated in the note when it was shown that he had procured the services of an attorney for a less amount, but could only recover the amount agreed to be paid by him to his attorney. The Supreme Court refused an application for writ of error in both of these cases, but in Luzenburg's case the application does not appear to have been made by the party against whom the ruling above quoted was made. From the statement of the case in the opinion of the Court of Appeals in Hammond v. Atlee, supra, in refusing the ap-

plication for writ of error the Supreme Court must have approved the holding of the Court of Appeals upon the question we are now considering.

The case of Sturgis Nat. Bank v. Smith, 9 Texas Civ. App., 540, 30 S. W. Rep., 678, was decided upon the theory that the stipulation in a note for a definite amount as attorney's fees in the event of a default in the payment of the note was a contract for the payment of liquidated damages and should be enforced as such. This doctrine is supported by high authority, but since the refusal of the application for writ of error in the case of Hammond v. Atlee, supra, it can not be regarded as the rule of decision in this State.

The contract for attorney's fees being one for indemnity and not for the payment of liquidated damages, it would necessarily follow that when the holder of the note procured an attorney for a less sum than that stipulated in the contract he would only be entitled to recover from the maker of the note the amount actually paid or contracted to be paid by him for the services of the attorney. Conceding this to be the law, it does not follow that when the maker of the note has agreed to pay 10 per cent attorney's fees, and the holder of the note acting under this agreement employs an attorney and contracts to pay him said amount for his services in collecting the note, the maker can defeat his liability therefor on the ground that the amount is unreasonable. He has authorized the holder to contract for the payment of 10 per cent for the collection of the note, and in the absence of allegation and proof of fraud or mistake in making the note, or of fraud against the maker in the execution of the contract between the holder and his attorney, he is estopped from saying that the amount which he has agreed the holder of the note might contract to pay his attorney is unreasonable.

We think the case presented is distinguished from one in which the holder of the note has secured the services of an attorney for a less sum than that stipulated in the note. To allow a recovery in the case stated for the full amount of attorney's fees specified in the note would add to the contract of indemnity and permit the holder of the note to recover from the maker that which the latter never agreed to pay, and which in many cases would amount to a usurious charge for the use or detention of money. On the other hand, to permit the maker of the note in the absence of fraud or mistake to avoid his contract for the payment of 10 per cent attorney's fees on the ground that such amount is unreasonable, when the holder of the note acting under said contract has bound himself to pay 10 per cent attorney's fees for the services of the attorney employed by him to enforce the collection of the note, would be manifestly unjust and unfair to such holder. In such case the holder would in the absence of fraud or mistake be bound to his attorney for the payment of the amount agreed upon, and upon the same principle the maker of the note should be held bound to indemnify him to the extent of the amount stipulated in the note.

By cross-assignment of error the appellee assails the ruling of the

trial court in sustaining appellants' exception and plea to the jurisdiction of the court to that portion of the petition which sought to enjoin appellants from using the horses and mules upon which plaintiff held a lien to secure the indebtedness claimed in this suit, and to mandamus appellants to obtain an order of sale for said animals and the stock of cattle covered by said lien.

The County Court of Colorado County, in which the administration of the estate of William Dunovant is pending, has exclusive jurisdiction of said estate, and the control and management of the property of the estate by the administrators appointed by that court can not be interfered with by any other court. If the allegations of appellee's petition entitled her to the relief sought, such relief could only be obtained by proceedings instituted in the court in which the administration is pending.

We are of opinion the judgment of the court below should be affirmed, and it is so ordered.

*Affirmed.*

Writ of error refused.