## L. S. RUTHERFORD v. MRS. M. S. GAINES.

### No. 2034.   Decided March 23, 1910.

**1.—Payment—Pleading.**

It is not necessary for defendant to plead a payment upon the note sued on which was admitted in the petition.   (P. 264).

**2.—Note—Lien—Payment for Maker by Another.**

One who, on behalf of the maker of a note secured by a vendor's lien on land, made a payment of interest thereon to the holder of the note, acquired no right in the note or the lien to secure him for the interest so advanced; on afterwards acquiring the note as assignee, he could not foreclose the lien for the interest which he had so paid before becoming its owner.   (Pp. 264, 265).

**3.—Note—Attorney's Fee—Agreement for Collection.**

A stipulation in a note for recovery of attorney's fees in case it should be placed in the hands of an attorney or sued on for collection, although held in legal effect, only one to indemnify the holder for reasonable attorney's fees, actually incurred, warrants a recovery of and foreclosure of ten percent for such attorney's fees, if shown to be reasonable, though the agreement of the holder with the attorney was to pay such fee only if the attorney could collect the same out of the land.   (P. 265).

**4.—Same—Cases Distinguished.**

The refusal of writ of error in Hammond v. Atlee, 39 S. W., 600, and in other cases explained and such cases distinguished.   (Pp. 265, 266).

Error to the Court of Civil Appeals for the Second District in an appeal from Comanche County.

Mrs. Gaines sued Bagley, Rutherford and others for recovery upon a promissory note and foreclosure of lien and obtained judgment. Defendants appealed, and on affirmance Rutherford obtained writ of error.

*Kearby & Kearby,* for plaintiff in error.—It is not necessary for the defendant to plead matters or to prove matters alleged by the plaintiff.    Veeder v. Gilmer, 120 S. W., 584; Willis v. Chowning, 90 Texas, 622; Faires v. Cockerell, 88 Texas, 428; Hambell v. O'Neal, 39 Iowa, 562; White v. Smith, 46 N. Y., 418.

A stipulation in a note for the payment of attorney's fees if sued upon is a contract of indemnity or that the amount named is a penalty and not agreed or liquidated damages.    Luzenberg v. Building & Loan Assn., 9 Texas Civ. App., 261; Hammond v. Atlee, 15 Texas Civ. App., 267; Dunovant's Estate v. Stafford, 36 Texas Civ. App., 33; Texas Land & Loan Co. v. Robertson, 38 Texas Civ. App., 521.

The actual payment of the interest for the first year to the then owners of the note and due crediting the same therewith extinguished that amount of interest, and the fact that such party who paid such interest afterwards bought the notes could not revive such paid interest.

*J. M. Reiger,* for defendant in error.—The court below could not have done otherwise than render judgment for the full amount of the notes sued on together with all interest thereon, and could not have considered issue of payment of interest, no plea of payment having been made in the court below, by the plaintiff in error.    Rev. Stats., art. 1266.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

This action was brought by Mrs. Gaines as the endorsee and holder of several notes executed by F. M. Bagley to J. M. Easley and E. E. Anthony for the purchase money of a tract of land, which notes had been endorsed by Easley and Anthony to plaintiff.    The defendants were Bagley, the maker, Easley and Anthony, endorsers, one Brown, as purchaser of the land from Bagley, and plaintiff in error Rutherford, as purchaser from Brown.    Other complications in the case do not affect the points which we have to decide and need not be noticed.

The petition contained this allegation: "That on the 28th day of December, 1906, plaintiff paid interest to the then owners of said notes up to November 8, 1906, and same was credited on the notes; that this interest was to have been paid to plaintiff by the defendant F. M. Bagley, but the said F. M. Bagley has not paid same except to the amount of $40; that except the $40 no interest has been paid on the entire amount of indebtedness."

One of the complaints in the petition for writ of error is the refusal of the Court of Civil Appeals to sustain the assignment, alleging error in the judgment of the trial court in that it did not allow a credit upon the notes of the year's interest thus admitted to have been paid but charged it as a lien upon the land.    The Court of Civil Appeals based its affirmance upon the proposition that no payment had been pleaded.    It was not necessary to plead a payment admitted in the petition, and if the passage quoted amounts to such an admission, it is clear that the judgment is wrong to the extent claimed.    The effect of the allegation is that plaintiff made a pay-

ment to the holders of the notes for Bagley, which the latter was to repay. The plaintiff did not then and thereby become the owner of the notes or of any interest in them since they continued to be the property of those who then held them, with the first year's interest paid. No lien for such interest thereafter existed and plaintiff, when she afterwards acquired the notes, took only the lien to secure the principal and the interest accruing after November 8, 1906. If the allegation be conceded to be sufficient to show liability of Bagley for the sum paid by plaintiff to the holders of the notes, it was not, for the reason stated, secured by a lien on the land. Hence we must hold that the judgment is erroneous to the extent that it includes, as a charge on the land, the amount paid for the first year's interest, less forty dollars. We gather that the forty dollars was credited. This will not affect the amount of the personal judgment against Bagley, no one but Rutherford having complained of the judgment.

Another question raised is as to the right of the plaintiff to recover the ten percent attorney's fees for which the notes stipulated in case they should be placed in the hands of an attorney or sued on for collection, the assignment attacking only the holding of the Court of Civil Appeals "that plaintiff's agreement to pay her attorney the ten percent provided for in said notes, if he could collect the same out of the land, amounted to a contract on her part to pay her attorney such an amount, or was sufficient to authorize said judgment for attorney's fees."

We think the Court of Civil Appeals was right, regardless of any question as to the correctness of the theory advanced in a number of decisions of the Courts of Civil Appeals, relied on by plaintiff in error, that such a stipulation is, in legal effect, only one to indemnify the holder of a note for reasonable attorney's fees actually incurred. Elmore v. Rugely, 48 Texas Civ. App., 456, 107 S. W., 151; Young v. State Bank of Marshall, 117 S. W., 480, and cases cited and discussed.

The agreement between plaintiff and her attorney was as indicated in the language quoted. The assignment raises no question as to the sufficiency of the pleading and the evidence to show that the fee thus agreed to be paid by plaintiff was reasonable in amount, but makes the point only that the agreement was not sufficient because plaintiff did not become bound to pay the fee herself. We think the agreement between plaintiff and her attorney was sufficient to meet such a contention in any view that has been expressed in any of the decisions as to the character of the provision in the note. The plaintiff has had to employ an attorney and to sue. The stipulation enables her, as it was intended to do, to secure the services of her attorney for the fee agreed to be paid. That she did not become personally liable for the fee is unimportant. It was the stipulation in the note that relieved and was intended to relieve her of any outlay to procure an attorney. This view of the case does not conflict, that we can see, with any of the decisions relied on by plaintiff in error, and anything we might say as to their correctness would be *obitur*. We observe that it is said in some of them that by refusing writs of

error in others this court has affirmed the doctrine. The truth is those cases involved distinct questions the decisions of which were influenced or controlled by the construction put by the courts upon the stipulation for attorney's fees, and the refusal of a writ of error would not necessarily be an affirmance of the general doctrine laid down in the opinion of the Court of Civil Appeals. The only one of those cases in which we find that an application was made to this court for a writ of error in which the construction of the stipulation was against the applicant was Hammond v. Atlee, 15 Texas Civ. App., 267, 39 S. W., 600, in which Atlee was the only person complaining before this court. We think it ought to be apparent from a reading of the decision of the Court of Civil Appeals that the refusal of his application required no decision as to the correctness of the rule applied against the receiver. Atlee never had any right of action against the maker of the note there in question. That belonged to his client, the receiver. Atlee's right was to compensation from the estate in the hands of the receiver, which the two had fixed by agreement at five percent and the judgment presented to this court for review had simply restricted his compensation to that. The other part of the decision of the Court of Civil Appeals, that the receiver had no right to recover of Hammond more than he had agreed to pay Atlee, was not involved in Atlee's application to this court. We say this merely to remove any impression that this court is committed to the theory of these cases, and not to express assent to or dissent from it. As we have already stated, the cases involved several different questions, none of which is presented in this case.

For the error first indicated the judgment will be reformed so as to reduce the amount for which the foreclosure is decreed against plaintiff in error by one year's interest on the notes less forty dollars. The costs of appeal and writ of error will be adjudged against defendant in error Gaines.

*Reformed and rendered.*