FIRST NAT. BANK OF EAGLE LAKE v. ROBINSON.

(Court of Civil Appeals of Texas. April 27, 1910. Rehearing Denied April 5, 1911.)

1. BILLS AND NOTES (§ 534*)—STIPULATION FOR ATTORNEY'S FEES—RECOVERY.

Where a note stipulates for a recovery of 10 per cent. for attorney's fees, if not paid when due, an allegation that it was placed with the plaintiff "in the hands of an attorney for collection, and he agreed to give said attorney said 10 per cent. as specified in the amount for services rendered and to be rendered in the collection of the same," with proof that the note was given to the attorney for collection, but without proof that he agreed to give the attorney 10 per cent., is sufficient to permit a recovery of the stipulated fees.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1946, 1947; Dec. Dig. § 534.*]

2. COURTS (§ 247*) — TEXAS — CERTIFICATION FROM COURT OF CIVIL APPEALS—MOTION FOR CERTIFICATION.

Appellant moved for a rehearing, and in his motion made no reference to conflicting decisions, and asked no certification of questions to the Supreme Court. The motion was overruled, and thereafter appellant moved to certify to the Supreme Court. Held that, in order to entitle a party to insist upon a certification of a question as a matter of right, he should present the fact of conflict in his motion for rehearing, or before his motion is finally acted upon, and where this is not done the motion will be dismissed.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 749–765; Dec. Dig. § 247.*]

Appeal from Colorado County Court; J. J. Mansfield, Judge.

On motion to certify to Supreme Court. Dismissed.

See, also, 124 S. W. 177, 135 S. W. 372.

Strickland & Roos and Adkins & Green, for appellant. Carothers & Brown, for appellee.

---

JAMES, C. J. This cause was decided by this court on November 24, 1909, and appellant's motion for rehearing was overruled on January 12, 1910. On March 17, 1910, appellant filed this motion, asking this court to certify to the Supreme Court substantially all points involved in the decision of the case, claiming for the first time a conflict with decisions of other Courts of Civil Appeals, as to some of the questions.

We recognize a conflict between the opinion filed in this cause and the cases of Elmore v. Rugely, 48 Tex. Civ. App. 456, 107 S. W. 151, Young v. Bank, 117 S. W. 476, by the Sixth Court of Civil Appeals, and also the cases of First Nat. Bank v. Campbell, 114 S. W. 887, and Dunovant's Estate v. Stafford, 36 Tex. Civ. App. 33, 81 S. W. 101, by the First Court of Civil Appeals. The conflict existed at the time of our decision of this cause; and we recognize also that we should have certified the question to the Supreme Court before we overruled the motion for rehearing, and we shall state that we would have unhesitatingly done so, had we known of or had counsel called our attention to the conflict. The motion for rehearing is mislaid, but we are quite sure that it made no reference to the cases now cited as conflicting, and no certification of questions was asked upon that or any other ground. We know that we were not advised of the conflict.

The conflict above referred to consists in this: [1] The petition alleged that the note, calling for 10 per cent. attorney's fees, if not paid when due, was placed by plaintiff "in the hands of an attorney for collection, and he agreed to give said attorney said 10 per cent. as specified in the note for service rendered and to be rendered in the collection of the same." There was proof that plaintiff gave the note to the attorney for collection, but no proof that he agreed to give him 10 per cent. We understand the decisions above cited to hold that the allegation and proof of the contract with the attorney for the fee are both essential to warrant judgment for attorney's fees. Our view is that it is sufficient to allege the giving of the note to the attorney for collection, or the suit, or the necessity of the suit, according to the peculiar wording of the stipulation, and when that fact appears the defendant is prima facie liable for the stipulated sum. This court so held in Davis v. Kuehn, 119 S. W. 118, also in Adams v. Bartell, 46 Tex. Civ. App. 349, 102 S. W. 779, in which case a writ of error was refused by the Supreme Court. This, however, was prior to the cases cited from the other Courts of Civil Appeals. We find nothing since by the Supreme Court on the subject, although in Rutherford v. Gaines (Sup.) 126 S. W. 261, the question was approached, but not decided.

This court has the power during the term to grant a rehearing for any purpose, but, entertaining no doubt that the decision of the question has been correct in the case, we would not grant a rehearing of our own motion. [2] A motion for rehearing would have to be granted in order to certify the question; and, if a motion of this kind can be made as a matter of right at any time during the term, it would prove a very convenient method of obtaining a rehearing at the end of a term, in cases in which motions for rehearing have been overruled early in the term, and in which a mandate may possibly have been issued. It would, in all cases where conflicts might be discoverable, be to the interest of litigants seeking delay to withhold from the court the fact of conflict claimed, and wait until the end of the term to bring in this character of motion. Our judgments would have no finality during the term.

We are unwilling to be the first to introduce such a rule into our procedure. We think that, in order to entitle a party to insist upon the certification of a question as a matter of right, he should lay a basis for it and bring the fact of conflict to the attention of the court in his motion for rehearing, or before his motion is finally acted upon.

The motion is dismissed.