THOMPSON v. BAIRD.

(Court of Civil Appeals of Texas. San Antonio. March 27, 1912.)

1. JUSTICES OF THE PEACE (§ 174*)—APPEAL —NEW CAUSE OF ACTION.

The designation of an action in a justice's transcript as a "suit upon contract for $185.00" was broad enough to permit written pleadings to be filed declaring on any kind of a contract.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 665–693; Dec. Dig. § 174.*]

2. PAYMENT (§ 59*)—NECESSITY OF PLEADING.

Payment must be pleaded by defendant to be available unless admitted in plaintiff's pleadings.

[Ed. Note.—For other cases, see Payment, Cent. Dig. § 143½; Dec. Dig. § 59.*]

Appeal from Bexar County Court; Leo Tarleton, Special Judge.

Action by Ora Baird against H. B. Thompson. From a judgment for plaintiff, defendant appeals. Affirmed.

C. M. Chambers, of San Antonio, for appellant. James Routledge and T. G. Andrews, both of San Antonio, for appellee.

JAMES, C. J. [1] This action was instituted in the justice's court; the justice's transcript showing, "Suit upon contract for $185.00." In the county court, on appeal from the justice's judgment, written pleadings were filed, and plaintiff declared for damages in the sum of $185 for breach of a contract. This, by appellant's first assignment of error, is claimed to have been setting up a different cause of action. We overrule this, as we conclude that the general designation of the justice's transcript was broad enough to include any suit based on a contract.

Under the second and third assignments, the only matter stated as a proposition is what is stated in the third assignment, which is that the court erred in rendering judgment against defendant H. B. Thompson, because the uncontradicted evidence shows that if a contract was ever made it was with H. B. Thompson Company. The testimony amply supports the fact that the contract was with H. B. Thompson individually.

The fourth assignment is that the uncontradicted evidence shows that H. B. Thompson Company held a receipt, dated December 5, 1910, in full payment of account to date, signed by Ora Baird, and that this suit was brought on December 5, 1910, and therefore the judgment was error.

[2] This is an attempt on the part of the defendant to avail himself of a matter of payment or settlement, which was not pleaded. That this cannot be done without a plea is too well established to require citation of authorities. The only exception to this rule we know of is where the matter is admitted in plaintiff's pleadings. Rutherford v. Gaines, 103 Tex. 263, 126 S. W. 261.

Judgment affirmed.