## GROVES–BARNES LUMBER CO. v. FREEMAN.

### No. 3930.

Court of Civil Appeals of Texas. Texarkana. Nov. 13, 1930.

Bishop & Holland, of Athens, for appellants.

Justice & Sigler, of Athens, for appellees.

George Sergeant, of Dallas, for appellant.

Thomas, Frank & Grady, of Dallas, for appellee.

HODGES, J.

The appellant filed this suit against the appellee to recover a balance of $349.64 alleged to be due on a note originally for $3,500, and to foreclose a mortgage on some personal property. According to the pleadings of the defendant and the evidence offered by him, the note and mortgage were executed to secure an undetermined balance that might be due on a contract for material used in building a residence. He alleged that he had paid the full amount of the debt which the note was intended to cover, together with all of the accrued interest. He further alleged that the appellee had expressly waived the payment of any attorney's fees, for the collection of which this suit is filed.

It conclusively appeared from the evidence that the entire amount due on the note as principal and interest had been paid before any suit was filed. The note, however, had been placed in the hands of an attorney before it was fully satisfied. The only amount now due on the note, if anything, is the 10 per cent. stated as attorney's fees. The appellee testified as follows:

"I called Jimmie Barnes (one of the appellants' officers) on the telephone and said, 'Jimmie, I have got a check for $2,500.00 with interest up to date,' and he says, 'If you will agree to pay that now there will be no attorney's fees,' and I said, 'All right, I will be right over,' and I got in my car and drove over to Oak Cliff and gave him my check for $2,500.00."

That conversation was denied by Barnes. The court submitted only one issue to the jury, "Do you find and believe from a preponderance of the evidence that the Groves-Barnes Lumber Company, through its Secretary-Treasurer, agreed with the defendant Charles P. Freeman to waive the attorney's fees on said note?" To which the jury answered, "Yes." Upon that answer the court rendered judgment in favor of the appellee.

■■ The complaint on this appeal is that the court should have instructed a verdict in favor of the plaintiff in the suit. The proposition relied on is thus stated: "Where an attorney has a contingent interest in a recovery the client cannot compromise or waive the attorney's part, but such attorney may recover his portion by a suit in the claimant's name in the proper court from defendant who has had notice beforehand of such attorney's interest." The proposition is correct, but it does not apply to the facts of this case. The stipulation for the payment of attorney's fees was a contract of indemnity between the maker and the payee of the note and for the benefit of the owner and the holder of the note. Rutherford v. Gaines, 103 Tex. 263, 126 S. W. 261, 262; Lanier v. Jones, 104 Tex. 247, 136 S. W. 255; Hammond v. Atlee, 15 Tex. Civ. App. 267, 39 S. W. 600. In the opinion rendered in Rutherford v. Gaines, Associate Justice Williams, in referring to the case of Hammond v. Atlee, said: "Atlee never had any right of action against the maker of the note there in question. That belonged to his client, the receiver. Atlee's right was to compensation from the estate in the hands of the receiver, which the two had fixed by agreement at five per cent. and the judgment presented to this court for review had simply restricted his compensation to that."

■ Under the record before us, any judgment rendered against the defendant in this suit would belong exclusively to the appellant. There is neither pleading nor proof of any express contract to pay the attorney any fees for his services nor is there any pleading or proof that any interest in the note had been assigned to an attorney as compensation for legal services.

The judgment will therefore be affirmed.