**KOHN et al. v. ZALUDEK.**

No. 1048.

Court of Civil Appeals of Texas. Waco.
April 9, 1931.

Rehearing Denied April 30, 1931.

Archie D. Gray, of Waxahachie, for appellants.

Everett L. Looney, of Austin, for appellee.

GALLAGHER, C. J.

This suit was instituted in the justice court by appellee, Charles Zaludek, against Joe Kohn, John Kubin, and Frank Kohn to recover on a note executed to him by appellants for the sum of $95.04, with interest and attorney's fees as therein stipulated. An appeal from the judgment rendered therein was taken to the county court. On the trial in the latter court appellee filed a written petition in due form. Appellants pleaded orally as follows: "Express release and discharge from said note for $95.04 and the assumption by one John Toth of said note and novation contract." Appellants also filed a written admission that appellee had a good cause of action as set forth in his petition, except in so far as it might be defeated by the defensive matters pleaded by them. The case was tried to a jury. The court at the close of the evidence, at the request of appellee, instructed the jury to return a verdict in his favor against appellants for the sum of $131.82. The court rendered judgment upon the verdict returned in response thereto. Hence this appeal.

## Opinion.

Appellants assign as error the action of the court in giving a peremptory instruction against them. They contend in this connection that the testimony introduced raised an issue of a valid voluntary release by appellee of their liability to him on said note, and that such issue should have been submitted to the jury.

Appellee held a note executed and delivered to him by Joe Kohn, dated February 2, 1924, for the sum of $1,100, with interest from date until paid at the rate of 8 per cent. per annum, payable annually on the 1st day of January each year thereafter until maturity of the note. Said note contained a provision for accelerated maturity in case of default in the payment of such interest. It was secured by a vendor's lien on certain property situated in Ennis, Tex. On January 2, 1927, Joe Kohn was indebted to appellee for past-due interest thereon in the sum of $95.04. Appellee demanded payment thereof and threatened in the alternative to declare the note due and to institute suit for judgment thereon with a foreclosure of his lien. To prevent such action, Joe Kohn, joined by the other appellants herein, executed and delivered to appellee the note sued on. Said note was dated January 2, 1927, and was due one year after date without grace. On May 19, 1928, appellee instituted suit against Joe Kohn in the district court of Ellis county to recover on his vendor's lien note for $1,100, with interest and attorney's fees as aforesaid and for foreclosure of his lien. Interest for the year 1926, for which the note sued on was given, was included in said suit. Some time thereafter, the exact date not being shown by the testimony, Joe Kohn conveyed his Ennis property covered by appellee's lien to John Toth. Thereafter on the ——— day of January, 1929, appellee dismissed said suit. This suit was instituted in the justice court on March 28, 1929.

The testimony showed that on or about the maturity of the note sued on appellee demanded payment thereof of appellants. The testimony further showed without dispute that the note sued on was given by appellants and accepted by appellee in payment of past-due interest on said vendor's lien note, and that it was not secured by a lien of any kind. Appellants introduced testimony that a short time thereafter, and before appellee filed suit on the vendor's lien note, appellee stated that he had released appellants from liability on the note sued on. There was no attempt to show a release in writing. Appellants each testified affirmatively that such release was without consideration from them. The testimony further showed that said note was not delivered to the makers or either of them at the time of such purported release or renunciation.

Prior to the enactment of our Uniform Negotiable Instruments Act a verbal release of the maker of a promissory note from liability thereon without consideration was ineffective and void. Rowe v. Daugherty (Tex. Civ. App.) 196 S. W. 240, 242, par. 6; Hall v. Wichita State Bank & Trust Co. (Tex. Civ. App.) 254 S. W. 1036, 1037, et seq. Section 122 of said act, now part of article 5939 of our Revised Statutes, provides that the holder of a negotiable instrument may renounce his rights against any party thereto, but requires such renunciation to be in writing, unless the instrument is delivered up to the person primarily liable thereon. The purported release or renunciation, being verbal and wholly without consideration, and there being no surrender of the note to any of the makers thereof, was ineffective to relieve appellants from liability thereon. Rowe v. Daugherty, supra; Hall v. Wichita State Bank & Trust Co., supra; 34 Cyc., p. 1048; 8 C. J. p. 615, § 855.

Appellants further contend that the testimony raised an issue of novation and their release by appellee in consideration thereof from liability on the note sued on. Joe Kohn testified that he conveyed his Ennis property covered by appellee's lien to John Toth in exchange for a farm conveyed by Toth to him. Neither of the respective deeds was introduced in evidence, nor was there any attempt to show the substance thereof. Gaida, a real estate agent, represented Kohn in negotiating and consummating said exchange. Kohn testified in this connection: "Charles Zaludek, John Toth and John Gaida looked up what there was against my city property, figured it all up and said that this straightened all debts against the city property, which debts Toth assumed. I acted upon the belief and understanding that I was released, together with the two on this note." Appellants' contention that Toth agreed to pay the note sued on, that appellee accepted such obligation, and in consideration thereof released them from liability on said note, is based on the foregoing testimony. It will be noted that Kohn did not therein testify that the note sued on was mentioned in the negotiations preceding said transaction or in the consummation thereof. Neither did he testify specifically that Toth assumed the same. We have hereinbefore stated that appellants all testified affirmatively that the note sued on was accepted by appellee in payment of a year's interest on the vendor's lien note, and that it was not secured by a lien of any kind. Under such state of the testimony, said note did not constitute a debt against the city property. Appellee testified that the note sued on was not considered in the transaction between Kohn and Toth. Gaida, Kohn's agent, testified that he was present when Kohn and Toth agreed to exchange said properties and also when such agreement was consummated,

and that nothing whatever was said about the note sued on. He further testified that said transaction was consummated in Judge Sharp's office; that Judge Sharp presented a calculation showing the amount due on said $1,100 vendor's lien note; that appellee told him that he had included therein one year's interest which ought not to have been included, and that the same should be deducted. Judge Sharp testified that he presented a calculation of the amount due on the $1,100 vendor's lien note, but that settlement was not made on such calculation;. that there was a conversation between appellee and Gaida in Bohemian, and that a settlement was then made. He also testified that the note sued on was not mentioned at that time. Toth did not testify.

The purchase of incumbered property, the assumption by the purchaser of the debt secured thereby, the creditor's recognition of such obligation and his release of the original debtor in consideration thereof from further liability for the debt so assumed, are all necessary to constitute a novation. The mutual agreement of all the interested parties · is necessary to effect such novation, and each element thereof must be established by evidence. Reclamation Company v. Simmons (Tex. Civ. App.) 293 S. W. 194, 196, pars. 1 and 2 (writ refused) and authorities there cited; 46 C. J. 579, § 12; Id., p. 600, § 43 et seq.; 20 R. C. L. p. 362, par. 4; Id., p. 369, par. 13. The effect of the testimony of Gaida and Judge Sharp, both disinterested witnesses, is to show affirmatively that the year's interest for which the note sued on was given was deducted, and that such note was not mentioned nor considered in the exchange of properties between Kohn and Toth, and that Toth did not assume the same. Said testimony was not controverted. No issue of release by novation was therefore presented by the testimony.

Appellants present as ground for reversal the refusal of the court to permit them to prove by their witness Joe Kohn that he had paid the note sued on. Their bill of exceptions shows. that they offered to prove by said witness that he had paid said note; that counsel for appellee objected to the introduction of such testimony on the ground that appellants had not pleaded payment and on the further ground that they had expressly refused to plead payment, and that the court sustained such objection. Appellants' bill should have set out the testimony the witness would have given had he been permitted to testify. Hereford Cattle Co. v. Powell, 13 Tex. Civ. App. 496, 36 S. W. 1033, 1035 (writ refused). If appellants expressly declined to plead payment, such refusal should have been shown as a fact, and not merely recited as one of the grounds of objection to the testimony offered. We have, however, considered the bill notwithstanding these irregularities. While pleadings in the justice court, and in the county court on appeal therefrom, may be oral and informal, and are to be construed with great liberality, they are as essential to raise an issue as in a court of record. Moore v. Jordan, 67 Tex. 394, 395, 3 S. W. 317; Young Men's Christian Ass'n v. Schow Bros. (Tex. Civ. App.) 161 S. W. 931, 932, par. 1; Alvis v. John G. Harris Hdw. ·& Furn. Co. (Tex. Civ. App.) 218 S. W. 538, 540, par. 5; Driskill Hotel Co. v. Anderson (Tex. Civ. App.) 19 S.W.(2d) 216, 217, par. 2. Payment of an obligation sued on is an affirmative defense thereto, and as such must be pleaded before testimony tending to show the same is admissible. Moore v. Jordan, supra; Rutherford v. Gaines, 103 Tex. 263, 264, 126 S. W. 261; Thompson v. Baird (Tex. Civ. App.) 146 S. W. 354; Southwestern Portland Cement Co. v. O. D. Havard Co. (Tex. Civ. App.) 155 S. W. 656, 657, par. 3; State v. Quillen (Tex. Civ. App.) 115 S. W. 660, 661; Richey Grocery Co. v. Warnell (Tex. Civ. App.) 103 S. W. 419; Berry v. First Nat. Bank of Dawson (Tex. Civ. App.) 253 S. W. 537, 539, par. 2. The record in this case purports to show appellants' pleadings. No plea of payment is included therein. While in proper cases the court may presume that oral pleadings not incorporated in the · record were presented, when such presumption is necessary to support the judgment, such presumption will not be indulged to defeat the judgment nor contrary to the affirmative rulings of the court. Galveston, H. & S. A. Ry. Co. v. Masters (Tex. Civ. App.) 23 S.W.(2d) 759, 760, and authorities there cited; Gulf, C. & S. F. Ry. Co. v. Goodman (Tex. Civ. App.) 189 S. W. 326, 327, pars. 1 to 3, inclusive; Vick v. Mobeetie Land Co. (Tex. Civ. App.) 24 S.W.(2d) 735, 736, par. 5. The exclusion of the testimony offered was proper.

Appellants, in presenting their contention that the testimony raised an issue of voluntary release and release by novation, as hereinbefore discussed, urge incidentally in that connection consideration of certain testimony which they insist showed elements of estoppel. No plea of estoppel is contained in the record. The rule announced in the preceding paragraph of this opinion precludes consideration of such testimony.

The judgment of the trial court is affirmed.