TEXAS LAND & LOAN CO. v. J. A. ROBERTSON AND H. R. BYARS
ADMINISTRATORS.

Decided March 22, 1905.

**Attorney Fees—Stipulation for in Note—Extent of Recovery.**

A stipulation in a note for the payment of ten per cent attorney fees in case of collection by attorney is a contract for indemnity and not for liquidated damages, and where the holder has not agreed with his attorneys on the amount to be paid for their services in collecting he is entitled to recover under such stipulation only such amount as the attorneys could recover from him, viz., the reasonable value of their services.

Appeal from the District Court of Colorado. Tried below before Hon. M. Kennon.

*Terry, Cavin & Mills,* for appellant.—The notes sued on by plaintiff each containing a stipulation for the payment, by the maker thereof, of ten percent upon said notes as attorney's fees, if the same were placed in the hands of an attorney for collection, the right of the plaintiff to collect said ten percent was fixed by said stipulation contained in the notes whenever the event specified—that is to say, placing said notes in the hands of attorneys for collection—occurred, and the reasonableness of the stipulation, or of the amount thus agreed to be paid as attorney's fees, can not be questioned or assailed, at least not in the absence of allegations of fraud or mistake, no such allegations being made in this case, and it is wholly immaterial whether the plaintiff did or did not contract to pay its attorneys ten percent for their services in collecting said note. The proposition is thus put in the case of McIntire v. Cagley (37 Iowa, 679) : "The measure of damages is uncertain. What would be a reasonable amount to reimburse the plaintiff for the fees of an attorney in prosecuting a suit upon the note, and collecting the amount due thereon, is not certain, and, in the absence of an agreement of the parties, would have to be ascertained by the court, or a jury upon evidence. In cases like this the parties may agree beforehand what the injury shall be valued at, or what shall be taken as a compensation; for if the court should set it aside, it can only do what the parties had a right to, and have done, and that is, arrive at a general probability by a consideration of all the circumstances of the case. The court would have to hear testimony and determine therefrom the measure of the injury. It being impossible to define with certainty, beforehand, by reference to a money standard, the measure of the injury, it was competent for the parties to agree thereon, which they have done. The collection of a note of the amount of the one sued on in this case might, under some circumstances, involve labor and expense much greater than under others. There being this uncertainty, the sum agreed upon by the parties will not be treated as a penalty, unless for such obvious excess and disproportion to rational expectation of injury as to make it clear that the principle of compensation was wholly disregarded, which does not appear in this case." Citing 3 Pars. on Cont., 159, 160, 161, and notes. See, also, Simmons v. Terrell, 75 Texas, 275; Morrill v. Hoyt, 83 Texas, 59;

Huddlestone v. Kemper, 1 Texas Civ. App., 211, 21 S. W. Rep., 946; Sturgis Nat. Bank v. Smith, 30 S. W. Rep., 678, 9 Texas Civ. App., 540; Neese v. James, 72 S. W. Rep., 87; Hopkins v. Halliburton, 25 S. W. Rep., 1005; Behrens v. Dignowitty, 23 S. W. Rep., 288; Carver v. Mayfield Lumber Co., 68 S. W. Rep., 711; Hermes v. Vaughn, 22 S. W. Rep., 189; McIntire v. Cagley, 37 Iowa, 676; Haywood v. Miller, 45 Pac. Rep., 307; Blankenship v. Wartlesky, 6 S. W. Rep., 140; Altgeld v. Harris, 11 S. W. Rep., 857; Llano Imp. Co. v. Watkins, 23 S. W. Rep., 613; Tinsley v. Moore, 25 S. W. Rep., 148; Neese v. Riley, 14 S. W. Rep., 65; Eakin v. Scott, 70 Texas, 442; Yetter v. Hudson, 57 Texas, 612; Panhandle Nat. Bank v. Still, 84 Texas, 330.

*Adkins & Green* and *McCormick & Brown,* for appellees.—The court did not err in holding that the stipulation in the notes sued on, providing for attorneys' fees, was a contract of indemnity only, and in holding that, as plaintiff had neither alleged nor proved any contract on plaintiffs' part to pay its attorneys any amount as attorneys' fees, plaintiff must, before it can recover the amount claimed as attorneys' fee, allege and prove that the amount so claimed was a reasonable fee for the services to be rendered; and the court did not err in holding that, in the absence of such allegation and proof, appellant was only entitled to recover the amount allowed by the administrators, and proved by them to be a reasonable attorneys' fee in the case. That stipulations in promissory notes to pay a stated percent as attorneys' fees are contracts of indemnity only, see Dunovant's Estate v. Stafford, 81 S. W. Rep., 101; Luzenburg v. Bexar B. & L. Assn., 29 S. W. Rep., 237; Hammond v. Atlee, 39 S. W. Rep., 600; Lanning v. I. C. Bank, 89 Texas, 601; Hamilton Gin Co. v. Sinker, 74 Texas, 51; 16 Am. & Eng. Ency. of Law (2d ed.), 181.

That the amount an attorney is entitled to recover, when not fixed by the terms of his contract, is measured by the reasonable value of the services rendered, see 3 Am. & Eng. Ency. of Law (2d ed.), 419; 4 Cyc. of Law and Procedure, 994.

That an indemnity against loss or expenses, whether an implied obligation growing out of the conduct of the party, or by express stipulation, as in the case at bar, carries the corresponding duty of the indemnitee to see that such loss or expenses are reasonable, see Missouri, K. & T. Ry. v. Warner, 90 Texas, 566; Wheeler v. Texas S. Ry. Co., 91 Texas, 356; Schmich v. Noel, 72 Texas, 1; Kellogg v. Muller, 68 Texas, 182; Great Counsel Ind. Order R. M. v. Adams, 8 Texas Ct. Rep., 97; 16 Am. & Eng. Ency. of Law (2d ed.), 181, sub. 3; 4 id., p. 102; Moore v. Stasen, 6 Ind. App., 364; Wyatt v. Pottorff, 37 Ind., 512; Goss v. Boyd, 104 Ind., 207; Calback v. Boon, Ir. R., 7, C. L., 32; Beckly v. Munson, 22 Conn., 299; Langford v. Broadhead, 17 N. Y. Supp., 290; Campbell v. Worman, 58 Minn., 561; Johnson v. Speer, 92 Pa. St., 228; Stillwater First Nat. Bank v. Larsen, 60 Wis., 206; Thomas v. Brady, 10 Pa. St., 164.

PLEASANTS, ASSOCIATE JUSTICE.—Appellant brought this suit to establish a claim against the estate of William Dunovant, deceased, for $70,000, evidenced by promissory notes executed by said Dunovant in

favor of appellant.  The notes sued on contained a stipulation for the payment of ten percent attorney's fees in case they were placed in the hands of an attorney for collection.  Appellant sought to recover the ten percent attorney's fees stipulated in the notes.  The administrators of the estate resisted the claim for the full amount of attorney's fees on the ground that the contract for the payment of said fees was a contract of indemnity, and appellant, not having agreed with its attorneys upon the amount to be paid them for their services in collecting the notes, would only be liable to them for the reasonable value of such services, and therefore could only recover of appellees that amount as attorney's fees.  The evidence shows that $1,500 was a reasonable compensation for the services rendered and to be rendered by appellant's attorneys in the prosecution of the claim, and that there had been no agreement between appellant and its attorneys as to their compensation for collecting the notes.

Judgment was rendered by the court below in favor of appellant for the principal and interest due on the notes, and for the further sum of $1,500 attorney's fees.

The only question involved in the appeal is the correctness of the judgment for attorney's fees.  This court held, in the case of Dunovant's Estate v. Stafford (81 S. W. Rep., 101), that the stipulation in a note for the payment of attorney's fees in event it was placed in the hands of an attorney for collection was a contract of indemnity, or, rather, that the amount named as attorney's fees should be regarded as a penalty, and not as agreed or liquidated damages.  In that case a recovery for the whole amount of the attorney's fees was upheld on the ground that the holder of the note had contracted with his attorneys to pay them the full amount of the attorney's fees authorized to be paid by the note, and the maker having agreed that said amount could be paid as attorney's fees, was estopped from setting up the unreasonableness of the contract in the absence of fraud or mistake.  A writ of error was refused by the Supreme Court.

While the refusal of the writ of error does not necessarily indicate that the Supreme Court approved the grounds upon which our opinion in the case was based, as stated in that opinion, we think the rule that the stipulation in a note for the payment of attorney's fees is a contract for indemnity, and not one for the payment of agreed damages, is settled by the decisions in this State.  (Luzenberg v. Building & L. Assn., 29 S. W. Rep., 237; Hammond v. Atlee, 39 S. W. Rep., 600.)

In both the cases cited it was held that the holder of a note was only entitled to recover as attorney's fees the amount he had agreed to pay his attorneys for collecting the note.  We think it logically and necessarily follows, from this rule, that, where no agreement has been made between the holder of the note and the attorneys employed by him to collect, the holder could only recover on the note such amount for attorney's fees as his attorney could recover from him for his services.  In such case the attorney could only recover the reasonable value of his services, and that should be the measure of the recovery which the holder of the note could obtain against the maker.

There is no issue raised by appellant on the sufficiency of the evidence to sustain the judgment of the court below that $1,500 was the

reasonable value of the services of his attorneys in the collection of the notes sued on.

The judgment of the court below is affirmed.

*Affirmed.*