### W. C. DAVIDSON ET AL. v. F. H. OBERTHIER.

Decided March 17, 1906.

**1.—Attachment—Actual Damages—Replevy—Mitigation—Pleading.**

The wrongful seizure of property by attachment constitutes a conversion, and the owner is entitled by reason thereof to recover as actual damage the value of the property seized with legal interest from the date of conversion. The subsequent replevy of the property by the owner might be shown only in mitigation of the damage; a general allegation of damage because of the wrongful levy and conversion is a sufficient pleading to authorize a recovery.

**2.—Note—Attorney's Fee—Penalty or Liquidated Demand.**

The authorities seem to hold that the stipulation in a promissory note for the payment of attorney's fee is a penalty and not a liquidated demand, and

that the holder of the note cannot collect the fee unless he has in fact' paid it or agreed to pay it.

Appeal from the District Court of Comanche County. Tried below before Hon. N. R. Lindsley.

*Jenkins & McCartney, J. M. Rieger* and *Geo. E. Smith,* for appellants.—A suit can not be maintained upon a note which does not provide a date for payment, but is made payable upon a contingency therein stated, until such contingency has transpired. Salinas v. Wright, 11 Texas, 575; Rowlett v. Lane, 43 Texas, 275; Carlisle v. Hooks, 58 Texas, 421; Martin v. Shumate et al., 62 Texas, 189:

When plaintiff in an attachment suit procures the issuance and levy of the writ upon a false affidavit, defendant in attachment, as part of his damages, is entitled to interest on the value of his property taken from him by such wrongful writ, for the length of time he is deprived of such property. Kauffman v. Babcock, 67 Texas, 244; Biering v. First Nat. Bank, 69 Texas, 603; Waugh v. Dabney, 12 Texas Civ. App., 290; Watkins v. Junker, 90 Texas, 587.

Plaintiff in attachment having been shown to be liable for nominal damage for wrongfully and maliciously procuring the issuance and levy of the attachment writ upon personal property, it is error for the court to withdraw from the consideration of the jury the issue of exemplary damage, upon the ground, simply, that the evidence does not show actual damage also. Flanagan v. Womack et al., 54 Texas, 51; Champion v. Vincent, 20 Texas, 816; Brown et ux v. Bridges et al., 70 Texas, 664; Farrar v. Talley, 68 Texas, 352; Heilgmann v. Rose et al., 81 Texas, 224; Western Union Tel. Co. v. Neill, 57 Texas, 292.

*Goodson & Goodson,* for appellee.

CONNER, CHIEF JUSTICE.—This suit was brought by the appellee Oberthier upon a note secured by vendor's lien, and also by mortgage on certain described machinery. The note is dated June 14, 1902, and signed by appellant W. C. Davidson in the amount of $1,727.25 with 10 percent interest and 10 percent attorney's fees. It was alleged that the note had been given in payment for an undivided one-half interest in a certain parcel of land and gin plant situated thereon. The note does not provide any date for its payment, but is made payable out of one-half the annual gross earnings of the gin property conveyed, and appellee alleged that Davidson had been operating the gin and had acquired sufficient gross earnings therefrom to pay off the note in question according to its terms. Appellee prayed for judgment for the amount of the note less certain credits admitted, and for interest and attorney's fees as therein stipulated, and for foreclosure of the vendor's lien. Appellee at the same time procured the issuance and levy of an attachment upon a quantity of wood, bagging, ties and cotton seed owned by appellant Davidson in connection with the operation of his gin business, which property was valued by the sheriff's writ at $2,057.50.

Appellant Davidson answered by a general denial: that the note had not matured; that the attachment was both wrongfully and maliciously

sued out and levied, and asked for actual and exemplary damages because thereof.

The court submitted to the jury for their determination the following issues, to wit: First, that if they found from the evidence that one-half the net earnings of the gin property referred to in said note for the year 1902-1903 and to November 16, 1904, the date of the institution of the suit, was sufficient to have paid off said note, to find for appellee against appellant and the sureties on his replevy bond. Second, that if they should find that the attachment was wrongful, to find nominal damage, but that they should not find either actual or exemplary damage. The issue of appellee's alleged lien was not submitted. The jury returned the following verdict: "We, the jury, find judgment for the plaintiff F. H. Oberthier, against the defendant W. C. Davidson and his sureties for the face value of said note with 10 percent attorney's fees, less the credits on said note. We find the writ of attachment was wrongfully issued and we, on account of said wrongful issue of said attachment, assess against the plaintiff one dollar nominal damage." Upon this verdict the court rendered judgment against the defendant and the sureties on his replevy bond for the amount of $2,056, which was the amount found to be due upon the note after deducting one dollar nominal damages awarded to appellant, and adjudged and foreclosed appellee's vendor's lien upon the property mentioned in the note.

We think the court erred in his charge in excluding the issue of actual and exemplary damage tendered by appellant. Without pleading and without objection it was shown upon the trial that nine days after the seizure of appellant's property by virtue of the writ of attachment found to have been wrongfully issued, appellant replevied the attached property and subsequently appropriated it. Under repeated decisions of our courts the seizure, if wrongful, constituted a conversion, and appellant because thereof, would ordinarily be entitled to recover as actual damage the value of the property at the time and place of seizure, with interest thereon from such time at the legal rate. Appellant's subsequent acceptance of the goods in return could be pleaded and shown in mitigation of damages, but in mitigation only. Appellant in replevying exercised a legal right and did not thereby alone waive damage resulting from the wrongful levy. In regaining and using the attached property he thereby mitigated or lessened his right of recovery to the extent only of the value of the property regained. Appellant therefore was entitled as actual damage, no other damage being shown, to legal interest on the value of his property during the nine days of its detention. Appellee insists that there is no allegation in appellant's plea claiming such damage. We think it recoverable, however, under the general allegation of damage because of the wrongful levy and conversion. (See 3 Sutherland on Damage, secs. 1103-04; Kauffman v. Babcock, 67 Texas, 244; Ft. Worth & D. C. Ry. Co. v. Greathouse, 82 Texas, 112.)

Appellee upon the submission expressed a willingness to remit, if necessary, the amount of interest to which appellant was entitled and the foregoing conclusions would hence not require the case to be remanded but for the fact that the majority have concluded that the

evidence raises the issue of exemplary damage, which was also excluded by the charge of the court.

Appellant also insists that the proof shows that the note sued upon had not matured at the date of the institution of the suit, and he presents several questions dependent upon that issue. He insists, too, that the court committed error in entering up judgment in appellee's favor foreclosing the vendor's lien, inasmuch as a finding therefor was not included in the verdict of the jury. It is also urged that it was erroneous to award appellee attorney's fees as specified in the note in the absence of pleading or proof that he had paid or agreed to pay his attorney the amount awarded, citing Texas Loan Co. v. Robertson, 85 S. W. Rep., 1020; Luzenburg v. Bexar B. & L. Assn., 9 Texas Civ. App., 267, and Hammond v. Atlee, 15 Texas Civ. App., 270, to the effect that a stipulation in a note for attorney's fees is but a penalty and not a liquidated demand. See also on this question Dunovant's Estate v. Stafford & Co., 81 S. W. Rep., 101, and Robertson & Byars v. Holman, 10 Texas Ct. Rep., 121. The foregoing questions, however, we think it unnecessary to decide, inasmuch as under any construction of the note sued upon it will evidently mature by the time of another trial. Upon another trial, also, the nonsubmission of the issue of a vendor's lien may be easily avoided, and appellee may be able to allege and show that the amount specified in the note as attorney's fees has been in fact paid or agreed to be paid by him to his attorney. If so, the question, of course, of whether the stipulation is to be construed as a penalty or as liquidated damages will become immaterial.

For the error in the court's charge, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*