ORIENT PETROLEUM CO. v. WICHITA STATE BANK & TRUST CO.

(Circuit Court of Appeals, Fifth Circuit. December 15, 1926.)

No. 4646.

1. Interest ⊚⇒50—Mortgages ⊚⇒300, 581(4) —Insufficient tender held not to deprive holder of right to foreclose and recover interest and attorney's fees.

Holder of a mortgage, *held* not deprived of the right to foreclose and collect interest and attorney's fees, because of an insufficient tender, made on condition that it be accepted in full payment.

16 F.(2d)—27

2. Appeal and error ⊚⇒1073(7)—Method of computation is immaterial to defendant, if total is not excessive.

The method of calculation in a lump sum judgment is immaterial to the debtor, if he is not required to pay more than he justly owes.

Appeal from the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Suit in equity by the Wichita State Bank & Trust Company against the Orient Petroleum Company. Decree for complainant, and defendant appeals. Affirmed.

W. F. Davis and George A. Smoot, both of Wichita Falls, Tex. (Smoot & Smoot, of Wichita Falls, Tex., on the brief), for appellant.

Preston B. Cox and Joseph S. Dickey, both of Wichita Falls, Tex. (Cox & Fulton, of Wichita Falls, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. The appellee bank sued the appellant company to foreclose a vendor's lien on certain land. There was a balance past due on the purchase price of $10,000, represented by purchase-money notes, which provided for interest and 10 per cent. attorney's fee.

Before suit the company, claiming that it was entitled to $1,870.95, the balance of a trust fund which the bank had received, and for which it had failed to account, made a tender of approximately $8,150 in full settlement of the balance due on the notes, and after suit repeated the tender by proper plea. The District Court, after hearing the evidence, held that, though a trust fund had existed, it had been completely exhausted by proper payments, and entered a decree in a lump sum for $10,767.69, which upon calculation appears to represent principal and interest, and an amount of about $200 as attorney's fee. There was no evidence that appellee had agreed to pay its attorney the fee of 10 per cent. provided for in the notes. The only question is whether, by reason of the rejection of appellant's claim, the decree is excessive.

The bank, as party of the first part, J. M. Lawrence and his associates, as parties of the second part, and W. F. Davis and his associates, as parties of the third part, entered into a contract from which it appears that the parties were each claiming first liens upon certain oil land, which was in the hands of a receiver. In pursuance of that con-

tract, I. W. Keys, attorney for the bank, became purchaser, at the receiver's sale, as trustee for the parties of the first and second part; the parties of the third part organized a corporation, and in its name purchased the land from Keys, executed the mortgage now being foreclosed to the bank to secure a part of the purchase money, and deposited $7,564 with the bank in the name of Keys, trustee, for the purpose of discharging the expenses of the receivership, and of the balance of the debts due the parties of the first and second part, including advances for insurance, taxes, and other incidental expenses, constituting liens on the land, and defined in the contract to be "the sum of $1,118.72, to be paid to W. B. Paddock, as attorney for second parties," advances by the first party, and the costs of the receivership.

The amount of $1,870.95, which it is claimed Keys was not authorized as trustee to pay out, and for which the bank is sought to be held responsible, is made up of the following items:

(1) $600, which Keys drew out on a check payable to himself. Keys was not a witness, and there was no witness who gave a satisfactory explanation of this item.

(2) $900, for which Keys gave a check to Cox, his law partner. Cox testified that he paid out $594.08 to take up a lien held by the bank, and $373.72 to Paddock, attorney for Lawrence and his associates, the parties of the second part to the contract. Cox therefore paid out $67.80 more than he received. But Keys had paid Paddock $851.71, and appellant contends that credit could be given only for $257.63, to make up the $1,-118.72, payable to Paddock in his capacity as attorney for his clients. If that contention be correct, an overpayment of $116.09 was made, and there was properly chargeable only $851.71, leaving $48.29 unaccounted for on this item.

(3) $305.25, which was paid, not to Keys, but to Cox, on a claim for interest asserted by Lawrence and his associates. In any view the bank could not be held liable for this item, as Cox was not selected to handle the trust funds.

(4) $65.70, also paid by appellant to the firm of Cox & Keys, in settlement of a claim which was, so far as we can determine from the evidence, a proper charge.

The evidence discloses that all payments made by Cox, under the second item, were chargeable to appellant; that $1,118.72 was payable to Paddock in settlement of a fee; and that the excess over that amount was paid in the discharge of a lien held by the parties of the second part to the contract. The result is that there was a possible failure to account for the first item of $600. Assuming, without deciding, that the bank was responsible for the handling of trust funds by Keys, we are of opinion that the record fails to disclose reversible error.

[1] There being only $600 for which the bank could possibly have been held to account, the tender, made as it was upon condition that it be accepted in full settlement, was insufficient, and did not deprive the bank of the right to foreclose its mortgage and collect interest and attorney's fee. After appellee had been forced to sue to collect the amount due, it was proper that appellant be held liable for an attorney's fee, based upon the whole amount involved. It appears to be the rule in Texas that only a reasonable amount, and not the amount stipulated in notes providing for attorney's fees, can be collected, in the absence of proof that the party suing had agreed to pay to his attorney the amount stipulated in the notes sued on. Texas Land & Loan Co. v. Robertson, 38 Tex. Civ. App. 521, 85 S. W. 1020. A reasonable attorney's fee for the foreclosure of the $10,000 mortgage could well be held to be greater than the amount of $600 which was subject to possible rejection as a part of the trust fund. The decree is not subject to be reversed, because there was included in it an erroneous item which was more than offset by the exclusion of a proper item of a larger amount.

[2] The method of calculation in a lump sum judgment is immaterial to the debtor so long as he is not required to pay more than he justly owes. A careful consideration of the evidence convinces us that no reversible error of which appellant can complain was committed.

The decree is affirmed.