ROWE v. DAUGHERTY. (No. 224.)

(Court of Civil Appeals of Texas. Beaumont, May 31, 1917. Rehearing Denied June 13, 1917.)

1. JUSTICES OF THE PEACE ⊗⇒90—TECHNICAL RULES OF PLEADING NOT APPLICABLE.

The technical rules of pleading do not apply to the manner of forming issues in justice courts in ordinary suits, where the pleadings may be oral.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 306.]

2. BILLS AND NOTES ⊗⇒129(2)—ELECTION TO TREAT ENTIRE SERIES AS DUE—PLEADING.

Filing of petition in suit on series of notes was prima facie evidence of election to treat them all as due according to privilege given in the notes.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 285, 292.]

3. PLEADING ⊗⇒418(1)—GENERAL DEMURRER AFTER CONFESSION AND AVOIDANCE.

To a general demurrer to petition it is sufficient answer to say that by plea of confession and avoidance defendant had admitted the cause of action, except as to specific matters therein set up to which the defense should be confined.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1399, 1403.]

4. APPEAL AND ERROR ⊗⇒1040(10)—HARMLESS ERROR — OVERRULING DEMURRER TO COMPLAINT—PREMATURE COMMENCEMENT OF ACTION.

In view of defendant's plea of confession and avoidance admitting plaintiff's cause of action on a series of notes, and the fact that two of the notes attached to memoranda were past due before trial in justice court, there was no error in overruling demurrer to petition because in justice court petition was filed before earliest notes were due.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4098, 4105.]

5. APPEAL AND ERROR ⊗⇒1046(3)—HARMLESS ERROR—RIGHT TO OPEN AND CLOSE.

Defendant was not harmed by refusal of court to permit him to open and close argument, after filing of a plea in confession and avoidance, where the court instructed a verdict for plaintiff.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4130.]

6. RELEASE ⊗⇒12(1)—BY HOLDER OF NOTE— NECESSITY OF CONSIDERATION.

Consideration is necessary in order to bind owner of note to a verbal release of the maker.

[Ed. Note.—For other cases, see Release, Cent. Dig. § 18.]

7. APPEAL AND ERROR ⊗⇒1056(1)—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

Where the evidence showed no consideration for an alleged verbal release of a maker of notes by holder, maker was not damaged by exclusion of evidence relating thereto.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187, 4191, 4207.]

8. BILLS AND NOTES ⊗⇒501 — ACTION BY HOLDER—ADMISSION OF EVIDENCE—WAIVER.

In holder's action on a note, it was proper to exclude defendant's evidence of the written permission from holder to payee to sell property for which notes were given, subject to the notes, since this did not tend to show a waiver of the holder's rights.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1698-1707.]

9. BILLS AND NOTES ⊗⇒511 — ACTION BY HOLDER—ADMISSION OF EVIDENCE—WAIVER.

Testimony that the owner of notes had stated to witness that for payment he would look to another person who had assumed payment, with no statement that he released the maker, is not admissible even as a circumstance to show that the owner had released the maker.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1760-1770.]

10. TRIAL ⊗⇒252(1) — INSTRUCTIONS — ISSUES NOT RAISED BY EVIDENCE.

The court was not warranted in submitting requested charges upon issues not raised by the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 596, 612.]

Appeal from Harris County Court; Murray B. Jones, Judge.

Suit by Howard C. Daugherty against E. C. Rowe. Judgment in justice court for plaintiff, and defendant appealed to county court, where plaintiff had judgment, and defendant appeals. Affirmed.

D. F. Rowe, C. M. Kay, and W. A. Rowe, all of Houston, for appellant. Edward H. Bailey, of Houston, for appellee.

BROOKE, J. This was a suit instituted by Howard C. Daugherty, appellee, the plaintiff below, in the justice court, precinct No. 1, Harris county, and was a suit to recover of E. C. Rowe, defendant below, the balance due upon eight promissory notes executed by the said Rowe to R. T. Easley, and which notes were indorsed by the said R. T. Easley to said Howard C. Daugherty. The petition does not plead an election of the holder as declaring the unpaid notes due; it appearing from said petition, which was filed May 5, 1914, with the notes attached thereto, that the first note sued on ,was not due until May 15, 1914. Plaintiff, in connection with his suit, sued out a writ of attachment, and levied upon certain land situated in Harris county, Tex., belonging to defendant, E. C. Rowe. The defendant in the justice court filed an answer to the plaintiff's petition by which he generally demurred to plaintiff's petition, and further a general denial, and by special answer pleaded an agreement between the said defendant and R. T. Easley, based upon a consideration paid to the said Easley in the resale of the property for which said notes were given, that the said E. C. Rowe should be released from his liability on said notes, and· that the said Howard C. Daugherty, plaintiff, knew of said agreement and ratified and confirmed the same, and that the said Rowe paid to the said Easley certain sums of money after having said understanding both with Easley and Daugherty that he should be released, by ,which he paid said Easley $235 in cash; alleging and pleading estoppel and ratification on the part of the said Daugherty, and further pleading by said answer that he should be allowed to go hence with his costs, and that his land should

⊗⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

be free from said attachment. The instrument upon which said notes originated was a conveyance from R. T. Easley to E. C. Rowe, conveying to the said Rowe certain personal property in the nature of household furniture. In the justice court, before going to trial, the defendant filed a trial amendment, alleging, among other things, as a defense to the plaintiff's cause of action, that the said Easley, who had sold him the property described in the instrument above mentioned, which had been reconveyed to him in settlement of certain land purchased by said E. C. Rowe from said Easley, with the knowledge, consent, and acquiescence of the plaintiff, sold the property which had been reconveyed by said Rowe to him to one J. H. Lehr, who assumed the payment of said notes so assigned to and held by the plaintiff, and had agreed to look to said Lehr for the payment of said notes, that the said Lehr did thereafter pay off one of said notes, and that thereafter the plaintiff, by an arrangement with the said Lehr, took possession of said property, and thereafter proceeded to sell the same at public sale, at a great sacrifice, and without the knowledge of the defendant, E. C. Rowe, and that said sale was made with the purpose and intent of defrauding the defendant, Rowe, defendant alleging that he was not in Houston and was out of the state at the time said sale was made, did not know thereof, and further alleging that the said property was worth the sum of $600, but was sacrificed at said sale for $102, and praying for judgment upon hearing against the plaintiff for the difference between the amount for which said property was sold and its market value. Defendant further pleaded in said trial amendment that, if he is mistaken in the law of estoppel and his right to damages, then the conduct, action, and agreement on the part of the said plaintiff had in connection with the said Easley, and knowing that the defendant, Rowe, was acting thereon and upon the theory that he was released from the payment of said notes, and that the said Daugherty was bound by having ratified and confirmed the statement of said Easley, who had the agreement with the said Daugherty as to said release, and said acts and conduct in connection with the permission of the said Lehr by the said plaintiff of the said Easley to sell to the said Lehr, pleading ratification of the assumed agency of the said Easley for the said Daugherty in making the said agreement with said Rowe, and in which it is charged that the said Daugherty had full and complete knowledge.

On said pleadings a trial was had in said justice court on April 9, 1915, on which a judgment was rendered in favor of plaintiff for the full amount sued for, from which judgment an appeal was sued out to the county court of Harris county. On December 30, 1915, a trial was had in said county court, but before the trial was begun the defendant filed in said court, under the law and rules permitting him to do so, a plea of confession and avoidance, with a view of having the right to open and conclude both the introduction of evidence and the argument, which said plea is found in the transcript. On said date said motion was overruled by the court. Thereafter, before announcing ready for trial, the defendant presented his general demurrer to the plaintiff's petition, which said general demurrer was overruled by the court. After the evidence was introduced, plaintiff moved for a peremptory instruction, which was sustained by the court, and said jury was instructed to find for the plaintiff. Appeal was properly perfected, and the case is before this court for adjudication.

Complaint is made in the first assignment of error that the court erred in overruling and not sustaining the general demurrer of the defendant to the plaintiff's petition, as set out in the defendant's original answer and cross-action, because the plaintiff's petition did not allege and show a cause of action, in this, that as a part of such petition the plaintiff attached to his petition the several notes sued upon, which notes contained the following clause: "Failure to pay any two thereof shall, at the election of the holder, mature all;" because the mere attaching of said notes to plaintiff's petition as exhibits did not show that said notes had been matured, the said petition being filed on May 5, 1914, and the earliest note sued upon was not then due until May 15, 1914, and the other notes sued on being due monthly thereafter until December 15, 1914, said petition nowhere alleging such default as would permit said suit to be filed or judgment taken thereon, and therefore said petition did not state a cause of action of which the court could take cognizance, and the general demurrer should have been sustained, and the court erred in overruling the same.

[1] The suit was in the justice court originally, in which the pleadings may be oral, and the technical rules of pleading do not apply to the manner of forming issues in the justice court in ordinary suits, and on appeal from the justice court the pleadings also may be oral in the county court.

[2] The testimony shows that there was a series of notes in which it was provided that they all become due upon default being made on two of them. The filing of plaintiff's petition is prima facie evidence of plaintiff's election to treat them all as due.

[3, 4] There seems to have been filed by the appellant in the court an admission setting up the fact that plaintiff had a good cause of action, save and except as to the facts set up in the answer constituting his defense. To a general demurrer it would be sufficient answer to say that the appellant admitted that appellee had a good cause of action, and therefore the defense would be confined to specific matters set up in the admission. At

the time of the trial, it seems, in the justice court, and also in the county court on appeal, all of the notes showed upon their face that same were due. The memorandum filed in the justice court in this case was as follows:

"Plaintiff, Howard Daugherty, a resident of Harris county, Tex., prays judgment against defendant, E. C. Rowe, a resident of Harris county, Tex., precinct No. 1, for the sum of one hundred seventy-eight and $21/100$ dollars ($178.-21), the balance of the principal due on the eight (8) promissory notes executed by the said E. C. Rowe to R. T. Easley, and indorsed by the said R. T. Easley, said notes being for the ·sum of twenty-five ($25.00) dollars each, and there being a credit of twenty-one and $79/100$ ($21.79) dollars on note No. 7, together with interest thereon from date thereof at the rate of 8 per cent. per annum, and 10 per cent. attorney's fees on principal and interest, as in said notes provided and stipulated, which said notes are hereto attached and made a part hereof, and that a writ of attachment be issued to the sheriff or any constable of Harris county, Tex., or any other county in the state of Texas, commanding him to levy upon any property of the defendant, E. C. Rowe, and for foreclosure of his attachment lien, for costs of suit, and such other and further relief as he may be entitled to receive. Right reserved to plead orally."

As above stated, the defendant admitted that the plaintiff had a good cause of action, as set forth in his petition, except in so far as same may be defeated in whole or in part by the facts of the answer constituting a good defense, which may be established on the trial. He was permitted in the justice court to open and close upon filing said motion. In the county court he was not permitted to open and conclude, for the reason that the court instructed the jury to bring in a verdict for the plaintiff, which was accordingly done. The record does not show that defendant urged his general demurrer in the justice court, nor does it appear that he urged same or in any way called attention to it in the county court. In view of the fact that two of the notes attached to the memorandum were long past due more than ten days prior to the trial of the case, and in view of the admission above set out, we do not believe there was any error on the part of the court, and therefore the assignment is overruled.

[5] The second assignment is as follows:

"The court erred in not permitting the defendant to. open and conclude the introduction of evidence and to open and conclude the argument in said cause to the. jury, because the defendant, prior to announcing ready in said cause, presented his plea of confession and avoidance, making said request, which the court refused, and in which the court committed error, as is fully set out in the defendant's bill of exception No. 1."

As above stated, the court instructed the jury to bring in a verdict for the plaintiff. We do not see how the defendant was harmed or damaged by the refusal of the court to permit him to open and conclude the argument.

The third assignment is as follows:

"Because upon the trial of said cause, and when the plaintiff offered the notes in evidence, which were attached to his petition, the defendant objected to the introduction of said notes because they did not correspond with the allegations of the plaintiff's petition, and the allegata and probata did not correspond and did not support the allegations of the plaintiff's petition filed in this court, and that the cause of action made by the notes is not the cause of action pleaded, it not being shown by the petition that any default had arisen, none having been pleaded by which the plaintiff was authorized to file a suit upon said notes, the suit being filed on May 4, 1914, when the first note sued upon was dated May 15, 1914, and the last of said series of notes December 15, 1914. To which action of the court the defendant excepted, as is shown by his bill of exception No. 2."

Without comment, it is sufficient to say that we find no error in this action of the court. Therefore the assignment is overruled.

[6, 7] By the fourth assignment complaint is made that the court erred in refusing to permit the defendant to introduce in evidence the evidence offered by him as set out in his bill of exception No. 4. It seems from investigation of bill No. 4 that the matter complained of was as follows:

"If at the time of this conversation with Mr. Daugherty in which the question of your being released on these notes was brought up, upon the statement made to you by R. T. Easley, what would you have done if he had denied that such release was made; what would you have done upon his denying that fact?"

It seems clear to our minds that there would, of necessity, have to be a consideration, in order to bind the owners of notes to a verbal release of the maker of the notes from an obligation. The record does not reflect any such alleged consideration, and we are unable to see how appellant was damaged by the alleged error in the failure to admit such evidence, and to our minds there was no error in the court's action in the matter. Therefore the assignment is overruled.

[8] The sixth assignment of error claims that the court erred in excluding from the jury the written permission of the said Daugherty to R. T. Easley to sell the furniture which the defendant had reconveyed to said Easley. It appears that the excluded testimony was a written permission from the holder of the note to the owner of the property to sell the same subject to the note, and expressly providing that such permission to sell should not affect or release his rights. We do not understand how that could be a circumstance tending to show a waiver of any of the rights of the holder of the mortgage. In our opinion, there is no merit in the contention of appellant, and the assignment is therefore overruled.

The eighth assignment is as follows:

"The court erred in refusing to permit the defendant to read in evidence to the jury the direct and cross examination from the deposition of J. H. Lehr, and the court erred in excluding the same because said deposition as set out in his bill of exception No. 7 was admissible as a circumstance to show that the plaintiff, Daugherty, had released the defendant, Rowe, from the payment of said notes sued on, and as tending to corroborate said Rowe in his contention of being released therefrom."

[9] It is contended that the court did not err in refusing to permit the defendant to read in evidence the deposition of J. H. Lehr, because the testimony of a witness that the owner of notes had stated that he would look to another than the witness, where the other had assumed the payment of the notes, for the payment of the notes, with no statement that he had released the maker of the notes, is not admissible for the purpose of showing, even as a circumstance, that the owner of the notes had released the maker. We believe this contention of appellee is correct. We see no merit in the assignment, and therefore the same is overruled.

The ninth, tenth, eleventh, fourteenth, sixteenth, and seventeenth assignments are as follows:

(a) The court erred in not charging the jury as requested in defendant's special charge No. 1.

(b) The court erred in refusing to give defendant's special charge No. 2 on the question of estoppel, as set out and attached to his exceptions to the court's charge.

(c) The court erred in refusing the defendant's special charge No. 3, which was requested by the defendant on the question of estoppel.

(d) The court erred in refusing to give and submit to the jury, as requested by the defendant, his special charge No. 6.

(e) The court erred in refusing to give and submit to the jury the eighth special charge, as requested by the defendant.

(f) The court erred in refusing to give and submit to the jury the ninth special charge requested by the defendant.

[10] All of these special charges seem to have been on the question of estoppel. The special charges are lengthy, and, if there had been testimony raising the issues, perhaps, embrace correct legal propositions. However, a careful examination of the record discloses that no such issues were raised by the testimony, and the view we take of the matter is the court was not warranted in submitting any of said charges. The assignments are overruled.

In this connection we will say that no testimony was admitted raising the question of fraud and deceit on the part of the mortgagee; also there was no evidence given or offered as to sacrificing the property. The special charge asked and by the court refused, being No. 7, was properly refused, because, in our opinion, it is necessary that there be a consideration in order to bind the owner of the notes to the verbal release of the maker from an obligation, and in this case there is no evidence of any consideration, and a charge to the jury upon the issue of ratification of the agreement of another person would be error. In our opinion there is no merit in any of the remaining assignments, and they are overruled.

We have carefully examined the record.

We believe that the action of the court in withdrawing the case from the jury was amply justified, and that the court's peremptory instruction was right. The appellee appears to have had a fair and impartial trial, has sought and has been permitted to take advantage of every legal defense to which he was entitled, the judgment of the lower court was correct, and, there being no such error in the record as would justify this court in reversing the cause, and remanding it for a new trial, the same is in all things affirmed.